.IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RANDOLPH MICHAEL RABBE ) <br> and ) <br> LISA ANN RABBE ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> WELLS FARGO HOME MORTGAGE, ) <br> INC., WELLS FARGO, N.A. ) <br> ) <br> Defendants. | Case No. 5:17-cv-06021-SRB |

**DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS
PLAINTIFFS' PETITION AND SUGGESTIONS IN SUPPORT**

Defendant Wells Fargo Bank, N.A. (individually and as successor of Wells Fargo Home Mortgage, Inc.) (hereinafter, "Wells Fargo"), by and through its attorneys, Lathrop & Gage LLP, hereby moves the Court to dismiss the Petition filed by Plaintiffs Randolph Michael Rabbe and Lisa Ann Rabbe (collectively "Plaintiffs").

**I. INTRODUCTION**

On January 3, 2017, Plaintiffs filed this pro se Petition against Wells Fargo in the Circuit Court of Platte County, Missouri, asserting claims for breach of contract, fraud, racketeering, usury, and violations of the Truth in Lending Act. Wells Fargo removed the case to this Court on February 17, 2017.

Plaintiffs' Petition contains very few facts and makes confusing allegations and sweeping, generalized legal conclusions. Plaintiffs allege that Wells Fargo failed to lend them "lawful money of the United States" because it "substituted a check with the intended purpose of circulating it as money," which Plaintiffs claim made their loan unlawful. (Petition pg. 8-9.) Plaintiffs further allege that Wells Fargo charged them an interest rate of twenty times greater than the rate agreed to in Plaintiffs' note. Finally,

Plaintiffs allege that Wells Fargo violated the Truth in Lending Act by allegedly failing to disclose that Wells Fargo did not risk any of its assets in its loan to Plaintiffs. Plaintiffs' Petition fails to state a claim against Wells Fargo on any of the asserted counts. This lawsuit is an inappropriate use of the Court to postpone the foreclosure of Plaintiffs' property. As such, the Court should immediately dismiss Plaintiffs' Petition, with prejudice.

## II. MOTION TO DISMISS STANDARD

The purpose of a motion to dismiss for failure to state a claim upon which relief can be granted is to test the legal sufficiency of the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). On a motion to dismiss, a court accepts as true all of the factual allegations in the complaint, and reviews the complaint to determine whether it shows the pleader is entitled to relief. *Id.*; Fed.R.Civ.P. 8(a)(2).

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This pleading standard does not require "detailed factual allegations," *Twombly*, 550 U.S. at 555, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

A pleading that offers labels, conclusions, a formulaic recitation of elements, or naked assertions devoid of factual enhancement does not suffice. *Id*. Only well-pleaded facts are accepted as true, while "[t]hreadbare recitals of the elements of a cause of action" and legal conclusions are not." *Id*. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. While a court must accept factual allegations as

true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Carton v. General Motors Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir.2010) (internal citations omitted).

Here, Plaintiffs' Petition contains conclusory allegations that do not state any claim against Wells Fargo. Accordingly, dismissal is appropriate.

### III. ARGUMENT AND AUTHORITIES

A. <u>Count I of Plaintiffs' Petition Fails to State a Claim for Breach of Contract.</u>

Plaintiffs' attempt to assert a breach of contract claim against Wells Fargo based on Wells Fargo allegedly "fail[ing] to lend the plaintiff lawful money of the United States and instead substitut[ing] a check with the intended purpose of circulating it as money." (Petition pg. 8.)

Plaintiffs allege that they signed a "[mortgage note, deed of trust, note, security agreement etc.] (sic) on or about March 17, 2011." (Petition pg. 7.) Plaintiffs filed this action on January 3, 2017. Plaintiffs' claim is therefore barred by the five-year statute of limitations on contract actions. Mo. Rev. Stat. 516.120. Accordingly, Plaintiffs' breach of contract claim must be dismissed.

Even if Plaintiffs claim were not time-barred, Plaintiffs have failed to state a claim against Wells Fargo for breach of contract upon which relief can be granted. A breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff. *Braughton v. Esurance Ins. Co.*, 466 S.W.3d 1, 8 (Mo. Ct. App. 2015). Here, Plaintiffs do not plead the terms of the contract upon which they base their claim. Plaintiffs do not, and cannot, allege that they performed pursuant to their note with Wells Fargo. Plaintiffs do allege a breach of their note by Wells Fargo, however, Plaintiffs

-3-

allege that the breach was Wells Fargo's use of a check instead of "lawful money of the United States." (Petition pg. 8.)

Even if the Court accepts as true Plaintiffs' factual allegation that Wells Fargo issued them a check in the amount of their loan, Plaintiffs do not allege facts that show this was a breach of their note. Further, the Court does not have to accept Plaintiffs' unsupported legal conclusion that the check allegedly issued by Wells Fargo was somehow unlawful or fraudulent. Plaintiffs allege, without any evidence or legal support, that the alleged check was "beyond [Wells Fargo's] customers' deposits" and "not backed by or redeemable in Federal Reserve Notes, coins or lawful money of the United States." (Petition pg. 8.) Plaintiffs do not allege the amount of Wells Fargo's customer deposits or facts that show the alleged check was not backed by or redeemable in Federal Reserve Notes, coins, or lawful money of the United States.

In addition to their claim being time-barred, Plaintiffs have not cited a specific provision of their note that they allege Wells Fargo breached, nor have they alleged how they were damaged by Wells Fargo's alleged issuance of a check for their loan proceeds. Plaintiffs have only made conclusory allegations devoid of factual support. Accordingly, Plaintiffs cannot state a claim against Wells Fargo for breach of contract and this claim should be dismissed.

    B. <u>Count II of Plaintiffs' Petition Fails to State a Claim for Fraud or Racketeering.</u>

        1. Fraud.

Under Fed. R. Civ. P. 9(b), in alleging fraud a party must state with particularity the circumstances constituting fraud. Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule. *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir.2009). Rule 9(b)'s particularity requirement demands a

higher degree of notice than that required for other claims, and is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations. *Arthur v. Medtronic*, Inc., 123 F. Supp. 3d 1145, 1149 (E.D. Mo. 2015) (citing *United States ex rel. Joshi v. St. Luke's Hosp*., Inc., 441 F.3d 552, 556 (8th Cir.2006)). Plaintiffs must state an underlying basis for their assertions sufficient to provide an indicia of reliability. *Arthur*, 123 F. Supp. 3d at 1149.

To survive a motion to dismiss on a fraud claim, a plaintiff must plead sufficient facts to establish: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury." *Renaissance Leasing, LLC v. Vermeer Mfg. Co*., 322 S.W.3d 112, 131-32 (Mo.2010). "The circumstances constituting fraud must be pled with particularity...." *Dorsch v. Family Med., Inc.*, 159 S.W.3d 424, 430 (Mo.Ct.App.2005).

Here, Plaintiffs' Petition is devoid of this heightened particularity. Plaintiffs simply conclude that all parties to the writing and processing of a check allegedly written by Wells Fargo are somehow in collusion and committing mail fraud and wire fraud. Plaintiffs' Petition does not contain enough facts to allow Wells Fargo to respond to these potentially damaging allegations, nor are there sufficient facts to state a claim that is plausible on its face. Rule 9(b) requires more than such generalized and conclusory allegations. Plaintiffs have failed to state a claim against Wells Fargo for fraud, and dismissal of this claim is appropriate.

2. Racketeering.

Plaintiffs also attempt to assert a cause of action against Wells Fargo under the Racketeer Influenced and Corrupt Organizations Act ("RICO") based on alleged mail fraud. As outlined above, Plaintiffs make the conclusory allegation that Wells Fargo colluded with unidentified parties to commit mail and wire fraud. Plaintiffs then further conclude that Wells Fargo engaged in a pattern of racketeering activity. Plaintiffs do not allege any factual basis for these claims. Further, Plaintiffs have not alleged facts that show they have standing to pursue a claim for violation of RICO.

"To have standing to make a RICO claim, a party must have 1) sustained an injury to business or property 2) that was caused by a RICO violation." *Asa–Brandt, Inc. v. ADM Investor Servs., Inc.,* 344 F.3d 738, 752 (8th Cir.2003). "[A] showing of injury requires proof of concrete financial loss, and not mere injury to a valuable intangible property interest." *Regions Bank v. J.R. Oil Co., LLC,* 387 F.3d 721, 728 (8th Cir.2004) (quoting *Steele v. Hosp. Corp. of Am.,* 36 F.3d 69, 70 (9th Cir.1994) (internal quotation marks omitted)). Here, there is no allegation that Plaintiffs have suffered a concrete financial loss or that Plaintiffs would have been in a different financial position had Wells Fargo not allegedly issued a check for Plaintiffs' loan proceeds. The allegations in Plaintiffs' Petition do not contain sufficient facts to state a claim for violation of RICO that is plausible on its face and dismissal is appropriate.

C. <u>Count III of Plaintiffs' Petition Fails to State a Claim for Usury.</u>

Count III of Plaintiffs' Petition attempts to state a claim against Wells Fargo for Usury and Racketeering. As explained above, Plaintiffs cannot state a claim against Wells Fargo for Racketeering and that claim should be dismissed. Plaintiffs claim that Wells Fargo "collected an annual interest rate estimated to be twenty times greater than the amount of interest the plaintiff (sic) agreed to in the note they signed." (Petition pg.

9.) Plaintiffs claim Wells Fargo has violated usury laws "due to the fact that the actual amount of lawful money risked by WELLS FARGO HOME MORTGAGE AND WELLS FARGO, N.A. in making the loan was less than 5% of the loan's value." (Petition pg. 9)

Based on these allegations, it is unclear exactly what Plaintiffs are claiming. Plaintiffs refer to an amount of money "risked" by Wells Fargo without any facts that would allow the Court to draw a reasonable inference that Wells Fargo is liable for some kind of misconduct. Plaintiffs do not state the interest rate in their note or the interest rate they were allegedly charged by Wells Fargo. Further, Plaintiffs do not allege facts that show the interest rate they were allegedly charged by Wells Fargo violated Missouri law. Plaintiffs' allegations do not provide enough facts to state a claim to relief that is plausible on its face and the Court is not required to accept Plaintiffs' unsupported legal conclusions as facts. Accordingly, the Court should dismiss this claim.

D. Count IV of Plaintiffs' Petition Does Not State a Claim for Violation of The Truth in Lending Act.

Defendants' claim for violation of the Truth in Lending Act ("TILA") is barred by the statute of limitations. There are two potential remedies for a violation of TILA – damages or rescission. 15 U.S.C. §1635. The statute of limitation for a TILA claim is one year when plaintiffs are seeking damages and three years when seeking rescission. 15 U.S.C. §1640(e), §1635(f). Here, Plaintiffs allege that they entered into a loan with Wells Fargo on March 17, 2011. (Petition pg. 7.) The limitations period begins to run from the date of the loan's closing. *Dryden v. Lou Budke's Arrow Fin. Co.*, 630 F.2d 641, 646 (8th Cir. 1980). Plaintiffs filed this action on January 3, 2017. Because Plaintiffs' loan originated more than five years ago, Plaintiffs are barred from asserting a claim under TILA for either damages or rescission. As such, this claim should be dismissed.

## IV. CONCLUSION

WHEREFORE, Defendant Wells Fargo Bank, N.A. (individually and as successor of Wells Fargo Home Mortgage), respectfully moves the Court to dismiss the Petition filed by Plaintiffs Randolph Michael Rabbe and Lisa Ann Rabbe, to award Wells Fargo its costs incurred in defending this lawsuit, and to grant all other and further relief as the Court deems just and proper.

Dated: March 7, 2017                               LATHROP & GAGE LLP

                                                    By:   /s/ Jehan Kamil Moore
                                                          Michael J. Abrams (42196)
                                                          MAbrams@LathropGage.com
                                                          Jehan Kamil Moore (59431)
                                                          JMoore@LathropGage.com
                                                          2345 Grand Boulevard, Suite 2200
                                                          Kansas City, Missouri  64108-2618
                                                          Telephone:     816.292.2000
                                                          Telecopier:    816.292.2001
                                                          Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was electronically filed and served via First Class Mail, postage prepaid this 7th day of March, 2017, to the Plaintiffs:

Randolph Michael Rabbe
Lisa Ann Rabbe
P.O. Box 681233
Riverside, MO  64168
*Pro se Plaintiffs*

                                                    /s/ Jehan Kamil Moore
                                                    *An Attorney for Defendant*