# In The General Court of Justice Superior Judicial Court Division
# Missouri state, the Republic

Randolph Michael Rabbe & Lisa Ann Rabbe
c/o PO Box 681233
Riverside, Missouri state, the Republic near 64[64168]

         Plaintiff,

vs.

                        Case #5:17-cv-06021-SRB
                        SUIT AT LAW COMPLAINT
                        COMMON LAW COMPLAINT
                        Amendment 2

WELLS FARGO HOME MORTGAGE and
WELLS FARGO, N.A.
LATHROP & GAGE LLP.
MICHAEL J ABRAMS BAR#42196
Michael J Abrams
JEHAN KAMIL MOORE BAR#59431
Jehan Kamil Moore

         Defendants.

---

# Affidavits

Comes Now, Randolph Michael Rabbe & Lisa Ann Rabbe, Plaintiff(s) herein, one of the Private Peoples (Attachment A) in the Missouri Republic, one of The United States of America, a Union of republic Sworn under penalties of perjury, under The Laws of The United States of America and of the Missouri Republic, and states that Petitioner is competent to be a witness and that the facts contained herein are true, correct, complete, and not misleading, to the best of petitioner's firsthand knowledge on Plaintiff(s) unlimited commercial Liability.

Now comes the plaintiff(s), in propria persona(s), and relying on the decisions in *Hains v. Kerner*, 404 U.S. 519, and *First National Bank of Montgomery v. Jerome Daly*, and show their Complaint against the defendants as follows:

JURISDICTION

This case was filed in State District Court; however, the case was moved to federal court by the request of the Defendant. In the original complaint, the jurisdiction indicating that a right to trial by jury in either STATE or FEDERAL court would apply as shown below. Now that the case has been moved to Federal Court, Plaintiff reminds court that jurisdiction is revoked under 28 U.S.C. Sec. 1332 and is further **invoked under 42 U.S.C. 1983 et seq**. and 18 U.S.C. Sec. 1964 as well as the Constitution of the United States and in particular the 7th amendment as this is a "suit at common law." This Complaint is filed in propria persona(s) pursuant to *Hains vs. Kerner*, 404 U.S 519), and First National Bank of Montgomery v. Jerome Daly.

1. FOR STATE COURTS - Jurisdiction in this action at law is based on the Constitution of the United States and in particular the 7th amendment as this is a suit at common law. Jurisdiction is further invoked under the Constitution of the state of Missouri and in particular by Article XIII. Sec 8 which preserves the right to trial by jury in an action at law and jurisdiction is further invoked under 18 U.S.C. Sec. 1964.

2. FOR FEDERAL COURTS - Jurisdiction is revoked under 28 U.S.C. Sec. 1332 and involves diversity of citizenship and more than $10,000 in controversy and jurisdiction is further invoked under 42 U.S.C. 1983 et seq. and 18 U.S.C. Sec. 1964 as well as the Constitution of the United States and in particular the 7th amendment as this is a "suit at common law." This Complaint is filed in propria persona(s) pursuant to Hains vs. Kerner, 404 U.S. 519), and *First National Bank of Montgomery v. Jerome Daly*.

PARTIES TO THE ACTION

3. The plaintiff (s) in this action are American Nationals of the United States and residents of the Republic state of Missouri. The plaintiff names and addresses are as follows: Randolph Michael Rabbe & Lisa Ann Rabbe, c/o P.O. Box 681233, Riverside, Missouri state near 64[64168].

The defendants in this Complaint are WELLS FARGO HOME MORTGAGE and WELLS FARGO, N.A. whose business address is as follows: P.O. Box 10335, Des Moines, IA 50306 and 420 Montgomery Street, San Francisco, CA 94163 and LATHROP & GAGE LLP., MICHAEL J ABRAMS BAR#42196, Michael J Abrams, JEHAN KAMIL MOORE BAR#59431, Jehan Kamil Moore, whose business address is as follows: 2345 Grand Boulevard, Suite 2200, Kansas City, MO 64108-2618 and John and Jane Does (1 through 25) whose names and addresses are unknown at this time.

FACTUAL BACKGROUND

4. On or about March 17, 2011, WELLS FARGO HOME MORTGAGE and WELLS FARGO, N.A. through its loan officer did verbally represent to the plaintiff that it had approved a loan to them for the sum of $216,331.00 in lawful money of the United States and at annual interest rate of 4.625%.

5. The WELLS FARGO HOME MORTGAGE and WELLS FARGO, N.A. and its loan officer knew or should have known that the verbal statement that they would lend the plaintiff "lawful money of the United States" at an annual interest rate of 4.625% was a false representation that was made recklessly and with deliberate and intentional disregard for the rights for the plaintiff.

6. Relying on these false representations, the plaintiff was induced into signing a [mortgage note, deed of trust, note, security agreement etc.] on or about March 17, 2011. Since the date of the loan, the plaintiff have made payments of principal and interest totaling $458,031.46.

7. After the plaintiff had signed the [mortgage, deed of trust, note, etc.], WELLS FARGO HOME MORTGAGE and WELLS FARGO, N.A. and its officer did fail to lend the plaintiff lawful money of the United States for the full value of the loan. For the actual lawful money which WELLS FARGO HOME MORTGAGE and WELLS FARGO, N.A. risked for the loan, estimated to be no more than 5% of the loans face value, WELLS FARGO HOME MORTGAGE and WELLS FARGO, N.A. did charge an interest rate that was 20 times greater than what was authorized in the contract, and did this deliberately to the detriment and damage of the plaintiff.

8. In carrying out their commitment to lend lawful money of the United States, WELLS FARGO HOME MORTGAGE and WELLS FARGO, N.A. did write a check for the sum of $216,331.00. WELLS FARGO HOME MORTGAGE and WELLS FARGO, N.A. in writing this check, did deliberately make a loan beyond its customers' deposits.

9. The check (or checks) which WELLS FARGO HOME MORTGAGE and WELLS FARGO, N.A. and its officers wrote were not backed by or redeemable in Federal Reserve Notes, coins or lawful money of the United States for their full face value.

10. The WELLS FARGO HOME MORTGAGE and WELLS FARGO, N.A. and its officers did use the U.S. Mails more than twice since the date of loan to collect money on this debt. Plaintiff did not become aware of the fraudulent activity of the defendants until on or around July 17, 2016.

11. The only consideration which WELLS FARGO HOME MORTGAGE and WELLS FARGO, N.A. provided for this loan was a book entry demand deposit which WELLS FARGO HOME MORTGAGE and WELLS FARGO, N.A. itself created effortlessly and at virtually no cost to itself. WELLS FARGO HOME MORTGAGE and WELLS FARGO, N.A. in stamping its own check "Paid," did make a false representation as it merely transferred some book entries and never intended to redeem this check in lawful money of the United States.

12. The bank only loaned it's credit. A bank can lend it's money, but not its credit. "It has been settled beyond controversy that a national bank under federal law being limited in its powers and capacity, cannot lend its credit by guaranteeing the debts of another. All such contracts entered into by it's officers are ultra vires. *Howard & Foster Co. v Citizens National Bank of Union*, 133 SC 202, 130 SE 759 (1926). A corporation is without authority to make a contract beyond the scope of its corporate power. By doctrine of ultra vires, a contract made by a corporation beyond the scope of its corporate powers is unlawful." Community Fed. S. & L. vs. Fields, 128 F 2d 705.

13. While Plaintiff believes "loan" to be fraudulent, Plaintiff made a payoff and made that tender of payment with funds certified by the Secretary of State of New Jersey on or around September 9, 2016 (Attachment B). Defendant has not returned that instrument to Plaintiff or to the Secured Party Issuer. Defendant ignored payment dishonorably. Plaintiff then made payments electronically on September 16, 2016. Transaction for $95,000.00 (Confirmation code 0916253352) posted on September 16, 2016 and transaction for $79,000.00 (Confirmation code 0916254099) posted on September 17, 2016. On September 19, 2016 the account shows PAID IN FULL and a Confirmation of Loan Payoff was sent to Plaintiff on September 19, 2016. (Attachment C) The defendant has now been paid twice to settle the account, yet on September

27, 2016 defendant states a check was returned to them because it exceeded the transfer limit. (Attachment D). Additionally, the Defendant never returned the state certified funds. Therefore, on October 6, 2016, plaintiff mails the notice of right to cancel, notice of removal and notice of revocation of power of attorney. (Attachment E).

COUNT ONE

1. BREACH OF CONTRACT. The averments of the previously numbered paragraphs are restated by reference herein. The WELLS FARGO HOME MORTGAGE and WELLS FARGO, N.A. and failed to lend the plaintiff lawful money of the United States and instead substituted a check with the intended purpose of circulating it as money.

COUNT TWO

1. FRAUD AND RACKETEERING. The averments of the previously numbered paragraphs are referred to by reference herein. WELLS FARGO HOME MORTGAGE and WELLS FARGO, N.A. and all parties to the writing and processing of a check written by WELLS FARGO HOME MORTGAGE and WELLS FARGO, N.A. on or about March 17, 2011. All these parties are in collusion in using the U.S. Mails and Wire Services to collect on this unlawful debt in violation of 18 U.S.C. 1341 (mail fraud) and 18 U.S.C. (wire fraud) and 18 U.S.C. 1962 in establishing a "pattern of racketeering activity" Plaintiff ask for triple damages for actual and compensatory damages sustained pursuant to 18 U.S.C. 1964 from each and every defendant on all counts.

COUNT THREE

    1. USURY AND RACKETEERING. The averments of the previously numbered paragraphs are restated by reference herein. By virtue of WELLS FARGO HOME MORTGAGE and WELLS FARGO, N.A. activities in creating an unlawful debt by passing a bad check, WELLS FARGO HOME MORTGAGE and WELLS FARGO, N.A. has collected an annual interest rate estimated to be twenty times greater than the amount of interest the plaintiff agreed to in the note they signed. This violation of contract law and usury laws is due to the fact that the actual amount of lawful money risked by WELLS FARGO HOME MORTGAGE and WELLS FARGO, N.A. in making the loan was less than 5% of the loan's face value.

COUNT FOUR

    1. VIOLATIONS OF TRUTH IN LENDING LAW. WELLS FARGO HOME MORTGAGE and WELLS FARGO, N.A. on the date of March 17, 2011 prepared the note and mortgage agreement in writing, but failed or refused to disclose material fact in either instrument. The material facts was that Plaintiff was the depositor and that the Defendant(s) risked none of their assets in the exchange, or any assets of other depositors. Defendant(s) violated 12 CFR 226.17 (c)(1) of the Truth Lending Law by failing or refusing to disclose this material fact.

COUNT FIVE

    1. VIOLATIONS OF THE NATIONAL AUOMATIC CLEARING HOUSE ASSOCIATION RULES (NACHA), TREASURY GREENBOOK, FEDERAL

REGULATION E, UNIFORM COMMERCIAL CODE ON ELECTRONIC TRANSACTIONS, AND FEDERAL RESERVE CIRCULAR #4 IN ATTEMPT TO STEAL FROM PLAINTIFFS. Defendant posted payments to account and sent a letter stating account had been PAID IN FULL, then later claimed a check was returned because it "exceeded the transfer limit", yet the state certified bond that was mailed to Defendant was never returned and the electronic payments show posted on the Plaintiff's account and the account showed PAID IN FULL. According to the above publications and banking regulations, posting is synonymous with settlement.

RELIEF REQUESTED

1. The plaintiff ask the court to empanel a Grand Jury to investigate WELLS FARGO HOME MORTGAGE and WELLS FARGO, N.A. for violations of Federal Antitrust laws and the Federal Racketeering laws including 18 U.S.C. 1341 (mail fraud) and 18 U.S.C. 1343 (wire fraud) and 18 U.S.C. 1962 (patterns of racketeering activity) and 18 U.S.C. 241 for conspiracy to violate the plaintiff and for violations under 12 CFR 226.17 (c)(1) of the Truth Lending Law and for violations of the above mentioned banking laws, rules and regulations, in particular Federal Regulation E, UCC on electronic transactions and Federal Reserve Circular #4.

2. Plaintiff ask for actual damages for the sum of $458,031.46 and compensatory damages to be determined as well as three times this amount in punitive damages against each defendant convicted on any count.

3. Plaintiff ask for a Evidentiary hearing and Demand a Trial by Jury to be comprised of 12 members to determine all issues of facts in dispute and to determine award all damages.

4. Plaintiff ask for a court order declaring the [mortgage, mortgage note, note, deed of trust, security agreement, etc.] to be null and void.

5. An injunction against the WELLS FARGO HOME MORTGAGE and WELLS FARGO, N.A. to divest themselves of any assets they have unlawfully gained and to return the same to the plaintiff and all other debtors or injured parties.

6. Plaintiff ask that defendant provide the clear, unencumbered and marketable title of the property to the plaintiff and to remove any negative or derogatory comments regarding the "loan" to the three primary credit bureaus and show the account as settled and PAID IN FULL.

Dated this _17_, day of _June_, 201_7_A.D.

*Randolph Michael Rabbe*     *Lisa Ann Rabbe*

Randolph Michael Rabbe & Lisa Ann Rabbe
c/o PO Box 681233
Riverside, Missouri near 64(64168)
Missouri state)
               ) ss
Platte County     )

I certify that on this _17th_ day of _June_, 201_ A.D., a Man and Woman who is known to me to be Randolph Michael Rabbe & Lisa Ann Rabbe, appeared to attest and a firm that He and She is the Man and Woman executing the forgoing Amended Common Law Complaint Affidavit.

I, THEREFORE, set my hand and seal in affirmation of the execution thereof.

*Kathleen Myers*                  6-17-17
Notary Public                      Date:

10-24-2018
My Commission Expires            Seal:

> KATHLEEN MYERS
> Notary Public-Notary Seal
> State of Missouri, Platte County
> Commission # 14469843
> My Commission Expires Oct 24, 2018