# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

RANDOLPH MICHAEL RABBE, et al.,  )
             )
   Plaintiffs,      )
             )
v.            )   Case No. 5:17-cv-06021-SRB
             )
WELLS FARGO, NA, et al.,    )
             )
   Defendants.     )

## ORDER

  Before the Court is Defendant Wells Fargo Bank, N.A.'s Motion for Order Nunc Pro Tunc. (Doc. #29). For the following reasons, the motion is denied.

## I.  Background and Procedural History

  Defendant Wells Fargo , NA ("Wells Fargo") moves the Court for an Order Nunc Pro Tunc altering the Court's docket to remove Wells Fargo's attorneys as Defendants. On February 17, 2017, Wells Fargo removed this case on the basis of diversity jurisdiction. On March 7, 2017, Wells Fargo moved to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On March 30, 2017, Plaintiffs filed a document which the Court interpreted as a motion for leave to amend Plaintiffs' Complaint. Plaintiffs included attorneys for Wells Fargo in the caption as "Defendants," and alleged in the body of the complaint that Defendant's attorneys were attempting to violate Plaintiffs' due process rights by removing this action to federal court. On April 19, 2017, the Court granted Plaintiffs' leave to amend their complaint because Rule 15 would have permitted Plaintiffs to amend their complaint as a matter of course. Based on the caption in Plaintiffs' amended complaint, the Clerk of the Court added Wells Fargo's attorneys to the docket as Defendants. The Court also granted Wells Fargo's

motion to dismiss Plaintiffs' complaint in its entirety because Plaintiffs' amended complaint failed to state a claim for which relief could be granted.

Plaintiffs are now appealing the dismissal of this case to the United States Court of Appeals for the Eighth Circuit. The Court of Appeals is listing attorneys for Wells Fargo as Defendants in this appeal because the attorneys are listed as Defendants in this Court. The Eighth Circuit Clerk has informed Wells Fargo's attorneys that that the Eighth Circuit cannot change this Court's docket sheet. Wells Fargo now moves this Court to remove Wells Fargo's attorneys as Defendants on the instant docket.

## II. Discussion

Defendant Wells Fargo argues the Court did not intend to allow Plaintiffs to add Wells Fargo's attorneys as Defendants. In support, Wells Fargo argues that Plaintiffs' amended complaint contained no allegations against Wells Fargo's attorneys. Wells Fargo also asserts that its attorneys were never issued summons.

Wells Fargo asks the Court to alter the docket and remove Wells Fargo's attorneys as Defendants, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure. Rule 60(a) provides: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of

appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).

This case has already been docketed for appeal in the Eighth Circuit. This Court does not have leave from the Eighth Circuit to alter the docket. Fed. R. Civ. P. 60(a). Moreover, the Court allowed Plaintiffs to amend their complaint as a matter of course because Plaintiffs were expressly permitted to do so by the Federal Rules of Civil Procedure. (Doc. #13, p. 3, n.1).[1] The Clerk of the Court docketed Wells Fargo's attorneys as Defendants because the caption on Plaintiffs' amended complaint included Wells Fargo's attorneys as Defendants. Plaintiffs intended to add Wells Fargo's attorneys as Defendants in an amended pleading that under the Federal Rules of Civil Procedure could have been filed without a court order, and the Court dismissed the amended complaint for failure to state a claim. Pursuant to Rule 62.1(a)(2), Wells Fargo's motion must be denied.

## III. Conclusion

Accordingly, it is hereby

**ORDERED** that Defendant Wells Fargo Bank, N.A.'s Motion for Order Nunc Pro Tunc (Doc. #29) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

Date: August 8, 2017

---

[1] Footnote 1 in the Court's April 19, 2017, Order reads as follows: "Plaintiffs filed their proposed amended complaint twenty-three days after Defendant filed its motion to dismiss. Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure permits Plaintiffs to amend a pleading as a matter of course within twenty-one days of service of a motion to dismiss. Rule 6(d) allows three extra days for a *pro se* party leaving a document with the Clerk of the Court. Because Plaintiffs acted within this twenty-four day time period, Plaintiffs' complaint is amended as a matter of course. However, since Plaintiffs sought leave to amend, their motion is granted."

3